RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 6/17/14

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| RUDOLFO S. MARTINEZ | DOCKET NO. 1:14-CV-589; SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN, LOUISIANA STATE PENITENTIARY | MAGISTRATE JUDGE KIRK |

**REPORT AND RECOMMENDATION**

*Pro se* petitioner Rudolfo S. Martinez, a prisoner in the custody of Louisiana's Department of Public Safety and Corrections, who is incarcerated at the Louisiana State Penitentiary at Angola, Louisiana, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Petitioner challenges his 1986 conviction for second degree murder entered in Louisiana's Tenth Judicial District Court, Natchitoches Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636. For the following reasons it is recommended that the petition be **TRANSFERRED** to the United States Fifth Circuit Court of Appeals pursuant to 28 U.S.C. §1631, since this Court lacks jurisdiction to consider Petitioner's claims.

*Background*

Petitioner was convicted of second degree murder on September 30, 1986, for which he received a mandatory life sentence. His conviction was affirmed on appeal, and writs were denied by the

Louisiana Supreme Court. Martinez has filed applications for habeas corpus in this district court arguing insufficient evidence, Brady violations, and ineffective assistance of counsel. [1:00-cv-01228, Martinez v. LA State Pen; 1:89-cv-02812, Martinez v. Warden; 1:93-cv-01874, Martinez v. Warden; 1:98-cv-00417 Martinez v. LA State Pen.]

This Court has previously transferred one of Petitioners 2254 motions to the Fifth Circuit Court of Appeals for a determination by the appellate court as to whether Petitioner could file a successive Section 2254 petition. The Fifth Circuit recognized that Martinez's petition was successive, and found that he did not meet the requirements of the "savings clause." [1:00-cv-01228, Martinez v. LA State Pen; Doc.#7]

Petitioner has now filed another 2254 petition in this Court, claiming entitlement to do so under the Supreme Court case, Martinez v. Ryan, 566 U.S. 1309 (2012).

### Law and Analysis

The Fifth Circuit has recognized that Martinez's first 2254 motion was fully adjudicated on the merits, and that a subsequent petition for writ of habeas corpus was second or successive. [1:00-cv-01228, Martinez v. LA State Pen; Doc.#7] Thus, his instant petition is also second or successive within the meaning of 28 U.S.C. § 2244(b), even if though contains claims never before raised. See Graham v. Johnson, 168 F.3d 762, 774 fn. 7 (5th Cir.

1999), citing Felker v. Turpin, 518 U.S. 651, 655-58 (1996).

As Petitioner has been instructed before, this petition may not be considered by the District Court without authorization from the Fifth Circuit in accordance with 28 U.S.C. §2244(b)(3)(A), which provides in part, "[b]efore a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Petitioner has not received authorization from the Fifth Circuit Court of Appeals. Until such time as petitioner obtains said authorization, this court is without jurisdiction to proceed. Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999); United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000); Crone v. Cockrell, 324 F.3d 833, 836 (5th Cir. 2003).

In In re Epps, 127 F.3d 364 (5th Cir. 1997), the Fifth Circuit implied that the transfer of a successive habeas corpus petition from the district court for consideration under §2244 is proper. Moreover, transfer of this case appears appropriate and authorized under 28 U.S.C. §1631 which provides in part, "Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ... and the action ... shall proceed as if it had been filed

in ... the court to which it is transferred...."

**IT IS THEREFORE RECOMMENDED** that the instant successive petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2254 be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit for determination as to whether authorization to file a second or successive petition should be granted in accordance with 28 U.S.C. § 2244(b)(3)(A).

**Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. USAA, 79 F.3d 1415 (5th Cir. 1996).**

Thus done and signed at Alexandria, Louisiana, this 17 day of June, 2014.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE